**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JERRY WRONE WALKER
ADC #124248                                                    PETITIONER


VS.                         5:10CV00128 SWW/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                        RESPONDENT


**<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>**

**<u>INSTRUCTIONS</u>**

The following recommended disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk  no  later  than  fourteen  (14)  days  from  the  date  of  the  findings  and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Jerry Wrone Walker ("Petitioner"), who is collaterally attacking his first-degree murder conviction in Pulaski County Circuit Court. (Docket entry #1). Respondent

has filed a Response (docket entry #11), to which Petitioner has filed a Reply.[1] (Docket entry #12).  Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the relevant procedural history of the case in state court.

On December 17, 2003, a Pulaski County jury convicted Petitioner of first-degree murder and unlawful discharge of a firearm.[2]  (Docket entry #11-1).  He was sentenced to an aggregate term of 960 months of imprisonment.

Petitioner appealed to the Arkansas Court of Appeals, where he argued that the trial court "erroneously denied his motion for a mistrial after his then wife testified to a confidential communication, violating his interspousal privilege."[3] *Walker v. State*, 91 Ark. App. 3000, 210 S.W.3d 157 (2005). On June 15, 2005, the Arkansas Court of Appeals affirmed.  *Id.*

On September 6, 2005 Petitioner's attorney, Mr. Bryant, filed a Rule 37 Petition in Pulaski County Circuit Court, raising various postconviction claims.  (Docket entry

---

[1]At the direction of the Court (docket entry #13), the parties also filed supplemental responses addressing the postconviction claims that Petitioner asserted in state court.  (Docket entries #15 and #17).

[2]At trial, Petitioner was represented by retained counsel, Mr. Ron Davis. Petitioner defended himself on the ground that he shot the victim in self defense.  An earlier trial, in April of 2003, had ended in a mistrial.

[3]Petitioner retained a new lawyer for his direct appeal, Mr. Greg Bryant ("Mr. Bryant").

#15-2). Specifically, Mr. Bryant argued that: (1) his client was "actually innocent;" (2) the trial court erred in admitting the testimony of a state witness who testified at his client's first trial, but was unavailable at his retrial; (3) the trial court should have granted a mistrial after erroneously admitting the testimony of his client's wife in violation of the spousal privilege; and (4) his client's trial counsel was constitutionally ineffective during his closing argument.

On March 5, 2007, the trial court entered an order denying Rule 37 relief. (Docket entry #15-3). Thereafter, Petitioner did not appeal the denial of Rule 37 relief to the Arkansas Supreme Court.

On April 28, 2010, Petitioner initiated this federal habeas action. (Docket entry #1). In his *pro se* Petition, he argues that his confrontation rights were violated by the admission of the testimony of a state witness who testified at his first trial, but was unavailable at his retrial. (Docket entry #1 at 4). Respondent argues that the Petition should be dismissed as untimely. (Docket entries #11 and #15).

For the reasons discussed below, the Court concludes that Petitioner's claim is barred by the applicable one-year statute of limitations.[4] Thus, the Court recommends

---

[4]On January 12, 2012, Petitioner filed a Motion requesting permission to amend his Petition. (Docket entry #18). He specifically requests permission to add the following claims: (1)  ineffective assistance of counsel during closing argument; (2) "actual innocence;" (3) the trial court should have granted a mistrial after erroneously admitting the testimony of his wife in violation of the spousal privilege; and (4)

that the Petition be denied, and that the case be dismissed, with prejudice.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system . . . . "  *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

---

ineffective assistance of postconviction counsel for failure to perfect his Rule 37 Appeal.  (Docket entry #18-1).

Petitioner does not explain why he waited until now to attempt to assert those claims, since they are essentially the same claims that he originally asserted in his Rule 37 action.  In any event, for the reasons explained in this Recommended Disposition, his underlying habeas Petition is untimely.  Thus, his request to amend will be denied as futile.  *See* Fed. Civ. P. 15(a); *Moore-El v. Luebbers*, 446 F.3d 890, 901-902 (8th Cir. 2006) (amendment may be disallowed for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment") (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court notes that Petitioner's claim that his postconviction lawyer provided him with ineffective assistance of counsel is not cognizable in a habeas action because there is no Sixth Amendment right to postconviction counsel.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  Nonetheless, the Court will consider the factual basis for Petitioner's ineffective assistance claim in the context of his argument for equitable tolling.

5

AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed"application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Petitioner appealed his conviction to the Arkansas Court of Appeals. The Court affirmed on June 15, 2005, and the appellate mandate issued on July 6, 2005. Thereafter, Petitioner initiated a timely Rule 37 Petition in Pulaski County Circuit Court. During the pendency of Petitioner's Rule 37 action, he is entitled to the following statutory tolling:

(1) On July 6, 2005, the one year statute begins to run:

> On June 15, 2005, the Arkansas Court of Appeals affirmed in Petitioner's direct appeal. Thereafter, Petitioner has an additional eighteen days, until July 3, 2005, to petition the Arkansas Supreme Court for review. *See King v. Hobbs*, ___ F.3d ___, (8th Cir. Slip. Op. No. 11-1207, Jan. 27, 2012). July 3, 2005 was a Sunday, and July 4, 2005 was Independence Day. Accordingly, Petitioner had until July 5, 2005, to petition for review. Because he did not seek review by the Arkansas Supreme Court, the AEDPA's limitations period began to run the following day, July 6, 2005. *Id.* at *5 (citing Fed. R. Civ. P. 6(a)(1)(A)).

→ *62 days run against the statute of limitations*

(2) On September 6, 2005, the statute is tolled when Petitioner files a timely Rule 37 Petition in Pulaski County Circuit Court.[5]

→   *576 days of statutory tolling*

(3) On April 5, 2007, the statute resumes running:

>On March 5, 2007, the Pulaski County Circuit Court entered an Order denying the Rule 37 Petition. From that date, Petitioner had thirty more days, until April 4, 2007, to file a Notice of Appeal to the Arkansas Supreme Court.[6] Petitioner did *not* appeal the trial court's denial of his Rule 37 Petition. Thus, on April 5, 2007, statutory tolling concluded and the limitations period resumed.

→   *303 days run against the statute of limitations*

(4) On February 2, 2008, the statute of limitations runs. Because February 2 was a Saturday, Petitioner had until Monday, February 4, 2008, to initiate this action.

(5) On March 31, 2010, Petitioner signs his § 2254 habeas Petition, 786 days after the expiration of the statute of limitations.[7]

---

[5]Petitioner's sixtieth day to file his Rule 37 Petition fell on a Sunday, September 4, 2005, and the sixty-first day fell on Labor Day. Thus, Tuesday, September 6, 2005 was the last day to file a timely petition.

[6]For purposes of statutory tolling under the AEDPA, a "properly filed" postconviction motion remains pending during the time in which a prisoner could have filed a timely notice of appeal from the denial of postconviction relief. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002); Ark. R. App. P.— Crim. 2(a)(4) (notice of appeal must be filed within thirty days from the entry of an order denying postconviction relief under Rule 37).

[7]For purposes of this calculation, the Court has given Petitioner the benefit of assuming that he placed the Petition in the prison mail system on the day he signed it. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other*

Based on the foregoing analysis, Petitioner filed this action over two years after the expiration of the statute of limitations.  Nonetheless, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, it is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Nelson v. Norris*, 618 F.3d 866, 893-93 (8th Cir. 2010) (*quoting Holland*, 130 S. Ct. at 2562) (internal quotations omitted).

Petitioner argues that his delay in filing his federal habeas Petition was caused by his good-faith reliance on the  erroneous advice of his retained lawyer, Mr. Bryant.  As indicated earlier, Mr. Bryant represented Petitioner in his direct appeal and later filed a Rule 37 Petition on his behalf.  On March 14, 2007, Mr. Bryant wrote the following letter to Petitioner:

> Enclosed in a file-marked copy of the Order entered by Judge Tim Fox denying our Rule 37 petition.  We have 30 days to appeal the order to the Arkansas Supreme Court.  I do not recommend we appeal to the Arkansas Supreme Court as I suggest we proceed directly into federal court.  Please advise in writing if you want me to appeal to the state court the judge's order.

---

*grounds*, 523 F.3d 850 (8th Cir. 2008) ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

(Docket entry #12 at 5).

According to Petitioner, he relied on Mr. Bryant's advice not to appeal the denial of Rule 37 relief, and "requested that he "file a [federal] habeas petition[.]" (Docket entry #12 at 3). However, on February 26, 2008, Mr. Bryant wrote Petitioner a letter informing him that he was "barred" from federal habeas review because he had opted not to pursue a Rule 37 appeal:

> Judge Fox denied your Rule 37 petition on March 5, 2007, but we didn't appeal his decision so we are barred from filing a habeas petition. I had asked you for instructions on what to do, but never got them. Even if we had appealed Judge Fox's decision, there is no way the federal court would hear our petition. You have to prove either actual innocence (our defense is not we didn't do it, but we did it in self-defense), or that the trial court's decision was ludicrous . . . and I don't think we could ever prove that. I have talked to your mother and she agrees with me that the best avenue is to present a clemency petition to the governor, pointing out that you have a federal sentence to complete and it is not in the Arkansas Department of Corrections' best interest that they hold you when the Bureau of Prisons could do it as well. I will be down to see you within the next 60 days to discuss this further, in the meantime, I will get my telephone number on your call list so we can visit.

(Docket entry #12 at 6).

Petitioner further states that he "gave his attorney great latitude in exercising his professional judgment regarding what to file on petitioner['s] behalf and trusted that . . . he was indeed following all procedural guidelines and time limits for filing on his behalf. The petitioner stand[s] ready should this court grant him an evidentiary

hearing regarding this matter, to request the [ADC] release the recordings from the petitioner[']s telephone calls, from the year of January on up to August of 2007 and that will clearly substantiate his claims of numerous attempts to contact his attorney on several occasions advising him how to proceed with his case." (Docket entry #17 at 2).

Petitioner also points out that he filed a complaint against Mr. Bryant in the Arkansas Supreme Court Committee on Professional Conduct.  On December 15, 2008, Petitioner wrote a *pro se* letter to the Committee filing a Grievance Form against Mr. Bryant.[8]  (Docket entry #17 at 5-10).  On that form, Petitioner stated that he retained Mr. Bryant to pursue a direct appeal and postconviction relief, but that his failure to pursue a Rule 37 appeal as instructed resulted in a "procedural bar" of his postconviction claims and made any federal habeas petition untimely:

> Due to [Mr. Bryant's] ineffective assistance of counsel, the Rule 37 petition was denied on February 26, 2007[9] . . . .  According to the

---

[8]The online docket in Petitioner's underlying criminal case, reflects that, on December 11, 2008, Petitioner filed some document notifying the Pulaski County Circuit Clerk that he had terminated Mr. Bryant: "I no longer have a payed [sic] attorney to handle my appeal process."  *See*: https://caseinfo.aoc.arkansas.gov/cconnect/PROD/public/ck_public_qry_doct.cp_d ktrpt_docket_report?case_id=60CR-02-1712&citation_no=&begin_date=&end_da te=#dockets.

[9]The trial court's Order denying Rule 37 relief was signed on February 26, 2007, but was not entered on the docket until March 5, 2007.  (Docket entry #15-3).

Arkansas State Rules of Appellate Procedure, appell[ant] and his attorney have thirty days to appeal the decision from the Rule 37 hearing.  My attorney failed to do so.  Instead, [Mr. Bryant] sent me a letter in the mail on March 14, 2007, stating something else that was not in line with the procedure process of appealing the Rule 37 denial decision . . . .  Furthermore, once again I will state that my family hired [Mr. Bryant] again on September 6, 2005 to file a Rule 37 for me and its subsequent appeal.  As I was denied relief in my Rule 37 appeal, I expected and discussed the need to appeal my  Rule 37 appeal to [Mr. Bryant] but he failed to do so in a timely manner which cause the appeal process to fall under a procedural default to proceed in any other appeals due to loss of equitable tolling time of a valid appeal in the State Court remedies, I'm therefore forced to file for ineffective assistance of counsel per [citation omitted] which established a criminal defendant's right to first appeal where he can argue ineffective assistance of counsel against his trial attorney.  This can only be done in a Rule 37 and Rule 37 appeal in the State of Arkansas.  Furthermore to add to the complaint in this matter that is being aggrieved on August 2007, I called [Mr. Bryant and] asked him why I have not yet received any paper work indicating that he was appealing my Rule 37 and in response [Mr. Bryant] indicated to me over the phone that he was going to get right on it but he never did check phone records at Brickeys Unit on that month and year and you will see that Mr. Bryant actually stated this on the phone, Mr. Bryant did not keep his word and let the time limit lapse on appealing the Rule 37 to the State Supreme Court under a State Habeas Corpus then the next step in this case is to appeal the decision to the Federal Court under a Federal Habeas Corpus and the time limit on filing or appealing a Federal Habeas Corpus is one year from the last judgment, but Mr. Bryant fail to comply in filing or appealing the Rule 37 and in doing so a procedural bar occurred and it was not my fault.

* * * *

(Docket entry #17 at 7-8)[10].  According to Petitioner, as soon as he "discover[ed] that

---

[10]The record is unclear as to whether there was a public disposition of Petitioner's grievance against Mr. Bryant.

his attorney had not honored some of the procedural guidelines and time limits" he immediately filed his federal habeas Petition.[11]  (Docket entry #17 at 3).

In *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010), the United States Supreme Court addressed the application of equitable tolling "when a petitioner seeks to excuse a late filing on the basis of his attorney's unprofessional conduct[.]" The petitioner in *Holland* filed his *pro se* § 2254 petition five weeks after the expiration of the statute of limitations.  The petitioner came forward with evidence that: (1) while his state-court postconviction appeal was pending, his lawyer was nonresponsive to letters requesting an update on the status of the appeal; (2)  he wrote letters to his lawyer requesting that he file a timely federal habeas petition as soon as his state court postconviction appeal was affirmed; (3) his lawyer did not inform him when the state postconviction appeal was affirmed and the deadline for filing a federal habeas petition expired; (4) his lawyer apparently failed to research the applicable law to calculate the habeas filing date, despite petitioner's letters identifying the applicable law; and (5) the day after the petitioner learned that his state postconviction had been affirmed, he prepared and mailed a pro se federal habeas petition.  *Id.* at 2555-2559.

The District Court denied the petition as untimely and declined to apply

---

[11]As explained later in this analysis, Petitioner, in fact, waited fifteen months after he learned Mr. Bryant had not honored some of the "procedural guidelines and time limits" before he filed this habeas action.

equitable tolling.  The Eleventh Circuit Court of Appeals affirmed, holding that, as a matter of law, "no allegation of lawyer negligence or of failure to meet a lawyer's standard of care — in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part — can rise to the level of egregious attorney misconduct that would entitle Petitioner to equitable tolling." *Holland v. Florida*, 539 F. 3d 1334, 1339 (11th Cir. 2008).   The Supreme Court rejected that holding as "overly rigid," and held that while a "garden variety claim of excusable neglect," such as the miscalculation of filing date, does not justify equitable tolling, "serious instances of attorney misconduct" could warrant equitable tolling.  *Holland*, 130 S. Ct. at 2564.

It is unnecessary for the Court to decide whether Petitioner has established "serious attorney misconduct" sufficient to satisfy the "extraordinary circumstance" prong of equitable tolling.[12]  Even if the Court assumes that Petitioner could satisfy

---

[12]On its face, Mr. Bryant's March 14, 2007 letter to Petitioner is strong evidence of negligence, if not gross negligence.  Any competent lawyer undertaking a postconviction representation should know the fundamental principle that a state-court postconviction claim must be exhausted by an appeal to the highest available state appellate court.  Once that claim is not appealed in state court and the time for doing so expires, it is procedurally defaulted for purposes of federal habeas review.

The recommendation that Petitioner forgo a Rule 37 appeal to the Arkansas Supreme Court and "proceed directly into federal court" was utterly erroneous legal advice.  The only claim that Petitioner had exhausted in state court on direct appeal was an evidentiary claim based on the violation of the Arkansas spousal privilege.  However, that is not a federal constitutional claim.  *See Byrd v. Armontrout*, 880 F.2d

the *Holland* standard of "serious attorney misconduct," he cannot demonstrate that he acted diligently in pursuing federal habeas relief. *See Holland*, 130 S. Ct. At 2565 ("The diligence required for equitable tolling purposes is 'reasonable diligence'").

Petitioner's December 15, 2008 *pro se* grievance to the Arkansas Supreme Court Committee on Professional Conduct is conclusive proof that, *on or before that date*, he knew that: (1) Mr. Bryant had not pursued a Rule 37 appeal to the Arkansas Supreme Court; (2) Mr. Bryant had not filed a federal habeas petition; (3) his Rule 37 claims had been procedurally defaulted; and (4) the statute of limitations for filing a federal habeas petition had already expired several months earlier. Despite his admitted knowledge of all of those facts, Petitioner did not file his *pro se* habeas petition until *fifteen months later*, on March 31, 2010. Accordingly, Petitioner did not act with "reasonable diligence" and is not entitled to equitable tolling. *See Holland*,

---

1, 9-10 (8ᵗʰ Cir. 1989) (claim that evidence was admitted at trial in violation of the Missouri marital privilege was a state law claim that did not implicate the Due Process Clause, and was therefore not cognizable on federal habeas review). Thus, by foregoing a Rule 37 appeal, Petitioner was left with no undefaulted claims that were even cognizable in a § 2254 habeas action.

In the same vein, Mr. Bryant's February 26, 2008 letter conveniently ignores the fact that he earlier advised Petitioner *not* to pursue a Rule 37 appeal. Finally, the letter's suggestion that federal habeas relief is only available in cases of "actual innocence" or a "ludicrous" decision from the state court is hardly a meaningful statement of the proper standard for obtaining habeas relief under 28 U.S.C. § 2254.

130 S. Ct. At 2565 (emphaszing the petitioner's diligence in entitlement to equitable tolling — "the *very day* that [the petitioner] discovered that his AEDPA clock had expired due to [his lawyer's] failings, [the petitioner] prepared his own habeas petition *pro se* and promptly filed it with the District Court") (emphasis in original); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (nine month delay between the date of an Arkansas Supreme Court decision that formed the basis for petitioner's claim of equitable tolling and filing of federal habeas petition was not a "diligent pursuit of rights" for purposes of equitable tolling) (citing cases).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (docket entry #1) be DENIED, and this case be DISMISSED, WITH PREJUDICE.   IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 3rd day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE